ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 APR -3 P 1: 52
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| CLIFFORD EDWIN PALMER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHELE TERRY, Director of Correct ) <br> Care Solutions, and CHESTER ) <br> HUFFMAN, Captain of Richmond County ) <br> Sheriff's Department, ) <br> ) <br> Defendants. ) | CV 113-012 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff was an inmate detained at Charles B. Webster Detention Center, in Augusta, Georgia, at the time he filed the captioned case pursuant to 42 U.S.C. § 1983. He is *pro se* and has been granted permission to proceed *in forma pauperis*. On January 23, 2013, the Court cautioned Plaintiff that while this action is pending, he shall immediately inform this Court of any change of address and failure to do so could result in the dismissal of this case. (Doc. no. 3, p. 4.)

On February 21, 2013, the Court directed Plaintiff to pay an initial filing fee of $6.54 within 30 days of the date of the Order. (Doc. no. 9.) However, Plaintiff's service copy of the Court's Order was returned with the notation that "[t]his Inmate is no longer at the Charles B. Webster Detention Center." (Doc. no. 10, p. 4.) Thus, Plaintiff has failed to comply with the Court's instructions to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of

saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); see also Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of April, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3